UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RnD Engineering, LLC, <u>et al.</u>,[1]

        Debtors.
_____/

Chapter 11
Case No. 14-58049
(Jointly Administered)
Hon. Phillip J. Shefferly

**ORDER REGARDING PRELIMINARY
APPROVAL OF DISCLOSURE STATEMENT**

On January 5, 2015, the Court entered a Chapter 11 case management order (ECF No. 35). The case management order set a deadline for the Debtors to file a combined plan of reorganization and disclosure statement and also explained that when the Debtors file it, the Court will consider whether to grant it preliminary approval. The case management order further explains that "preliminary approval will be granted only to a disclosure statement that contains the information required in the 'Requirements for Information to Include in the Combined Plan and Disclosure Statement'" that are posted on the Court's website ("Requirements"). From time to time, the Court has extended the deadline for the Debtors to file their combined plan and disclosure statement. On January 21, 2016, the Court entered an order (ECF No. 150) on the stipulation of the United States Trustee and the Debtors setting a deadline to file the combined plan and disclosure statement based on the timing of the

---

[1] The Debtors in these jointly administered cases are: RnD Engineering, LLC (case

Court's disposition of an adversary proceeding filed against the Debtors. The adversary proceeding has now been adjudicated and, on March 21, 2016, the Debtors timely filed a combined plan and disclosure statement (ECF No. 155). The Court has reviewed it, and finds that there is additional information that needs to be included in it before the Court will grant it preliminary approval.

First, the Requirements expressly state in section V.A.2. that the disclosure statement must provide a "meaningful summary" of financial information in a "consistent format" for the post-petition period until the latest date possible up to the filing of the disclosure statement. The Requirements then expressly state that "copies of tax returns and/or financial statements filed with the Court are <u>not</u> acceptable. Only appropriate spread sheets and stated sources of the information should be submitted." The Debtors' disclosure statement does exactly what the Requirements say not to do: it does not provide a "meaningful summary" but instead attaches 460 pages of monthly debtor-in-possession reports, bank statements and financial statements that were previously filed with the Court.

Second, the Requirements expressly state in section V.A.3. that the "meaningful summary" for the post-confirmation period must provide "projections for the period of the plan, together with assumptions underlying those projections." The Debtors' disclosure statement contains one page of projections, but does not state any of the assumptions underlying the revenues, expenses and other information in those projections. Further, the Debtors' projections do not include any information about the payments that the Debtors will

---

no. 14-58049), and Richalin Kamtchouang Digue (case no. 14-58053).

be required to make to the holders of administrative expense claims which the Debtors' liquidation analysis estimates to be in excess of $500,000.00.

Third, § 1125(a)(1) of the Bankruptcy Code requires that a disclosure statement contain information of a kind and in sufficient detail to enable creditors to make an informed judgment about the plan. The Debtors' disclosure statement does not provide sufficient information about the source of the Debtors' funds to make the payments under the Debtors' plan. For example, the plan provides that the "Nagel Claim" in the amount of $564,503.16 will be paid in full on the "Effective Date" of the confirmation order, but does not contain any information about where the Debtors will get the funds needed to make that payment.

Because of the deficiencies in the disclosure statement identified in this order, the Court will not grant preliminary approval of the disclosure statement at this time, but will permit the Debtors an opportunity to amend their combined plan and disclosure statement to address the deficiencies identified in this order. Accordingly,

**IT IS HEREBY ORDERED** that the Debtors are permitted until **April 1, 2016** to file an amended combined plan and disclosure statement that addresses the deficiencies identified in this order and otherwise complies with the Requirements.

**IT IS FURTHER ORDERED** that if the Debtors timely file an amended combined plan and disclosure statement that complies with this order, the Court will enter an order granting it preliminary approval and providing for a schedule for further proceedings consistent with this Court's ordinary practice.

**IT IS FURTHER ORDERED** that if the Debtors fail to timely file an amended combined plan and disclosure statement that complies with this order, the Court will enter an order denying preliminary approval and scheduling a status conference to discuss further proceedings in these Chapter 11 cases.

.

**Signed on March 22, 2016**

                                                            **/s/ Phillip J. Shefferly**
                                                            **Phillip J. Shefferly**
                                                            **United States Bankruptcy Judge**