# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

In re:
RND Engineering, LLC, *et.al.*,[1]

Bankruptcy Case No. 14-58049
Chapter 11
Hon. Phillip J. Shefferly

Debtors.
_____/

## STIPULATION FOR ENTRY OF ORDER CONFIRMING THE 1ST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT OF RND ENGINEERING, LLC AND RICHALIN DIGUE

NOW COME the Debtors, RND Engineering, LLC and Richalin Digue, the Office of the United States Trustee, the Internal Revenue Service, and the State of Michigan Department of Treasury each by and through their undersigned counsel, who do hereby stipulate and agree to the entry of the Order Confirming the 1st Amended Combined Plan of Reorganization and Disclosure Statement of RND Engineering, LLC and Richalin Digue as attached hereto as Exhibit 1.

*[Signatures on following page]*

---

[1] The Debtors in these jointly administered cases include RND Engineering, LLC (Bankr. Case No. 14-58049) and Richalin Digue (Bankr. Case No. 14-58053).

Approved as to form and content:

| **STEVENSON & BULLOCK, P.L.C.** | **OFFICE OF THE U.S. TRUSTEE** |
|---|---|
| By: /s/ Elliot G. Crowder <br> Elliot G. Crowder (P76137) <br> Ernest M. Hassan, III (P67815) <br> Counsel for Debtors <br> 26100 American Drive, Suite 500 <br> Southfield, MI 48034 <br> Phone: (248) 354-7906 <br> Facsimile: (248) 354-7907 <br> Email: ecrowder@sbplclaw.com <br><br> Dated: September 2, 2016 | By: /s/ Richard A. Roble <br> Richard A. Roble (P51429) <br> Counsel for US Trustee <br> 211 W. Fort Street, Suite 700 <br> Detroit, MI 48226 <br> Phone: (313) 226-6769 <br> Facsimile: (313) 226-7952 <br> Email: richard.a.roble@usdoj.gov <br><br> Dated: September 6, 2016 |
| **U.S. ATTORNEY** <br> **BARBARA L. MCQUADE** <br><br> By: /s/ Kevin R. Erskine <br> Kevin R. Erskine (P69120) <br> Assistant U.S. Attorney <br> 211 W. Fort Street, Suite 2001 <br> Detroit, MI 48226 <br> Phone: (313) 226-9610 <br> Email: kevin.erskine@usdoj.gov <br><br> Dated: September 3, 2016 | **MICHIGAN DEPARTMENT OF** <br> **ATTORNEY GENERAL** <br><br> By: /s/ Allison M. Dietz <br> Allison M. Dietz (P73612) <br> Assistant Attorney General <br> 3030 W. Grand Boulevard, Suite 10-200 <br> Detroit, MI 48202 <br> Phone: (313) 456-0140 <br> Facsimile: (313) 456-0141 <br> Email: dietza@michigan.gov <br><br> Dated: September 2, 2016 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:
RND Engineering, LLC, *et.al.*,[1]   Bankruptcy Case No. 14-58049
                                     Chapter 11
                                     Hon. Phillip J. Shefferly
           Debtors.
_____/

# ORDER CONFIRMING THE 1ST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT OF RND ENGINEERING, LLC AND RICHALIN DIGUE

THIS CASE having come before this Court on September 6, 2016 for a hearing on the confirmation of the First Amended Combined Plan of Reorganization and Disclosure Statement of RND Engineering, LLC and Richalin Digue [Docket No. 158] (the "Plan"); the Debtors seek entry of this order (the "Confirmation Order"); due and appropriate notice under the circumstances having been given; all creditors and interested parties having had an opportunity to be heard; the Bankruptcy Court having considered the Plan and the record in this Chapter 11 case to date; due and sufficient factual and legal cause appearing therefore; all classes of claims having accepted the Plan; it having been determined by this Court after a hearing on notice that the requirements for confirmation set

---

[1] The Debtors in these jointly administered cases include RND Engineering, LLC (Bankr. Case No. 14-58049) and Richalin Digue (Bankr. Case No. 14-58053).

forth in 11 U.S.C. § 1129(a) have been satisfied; and the Bankruptcy Court otherwise being fully advised in the premises;

NOW THEREFORE,

IT IS HEREBY ORDERED that the Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

IT IS FURTHER ORDERED that the Disclosure Statement is granted final approval under 11 U.S.C. § 1125.

IT IS FURTHER ORDERED that the modifications contained in this Confirmation Order constitute modifications allowed pursuant to 11 U.S.C. § 1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Rule 3019 of the Federal Rules of Bankruptcy Procedure, the Plan shall be deemed accepted by all Creditors and Interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

IT IS HEREBY FURTHER ORDERED that Article II; Paragraph 2.1 is amended as follows:

GROUP I. The Claims of Group I shall consist of all Administrative Claims, including any taxes that qualify as Administrative Claims. The Allowed Claims of this Group shall be paid the full amount of their Claims on such date as may be mutually agreed upon between the Debtors and the particular claimant, or,

if no such date is agreed upon, the later of (i) the Effective Date, (ii) the date by which payment would be due in the ordinary course of business between the Debtors and such Administrative Creditor, or (iii) the date on which the Bankruptcy Court enters its order, if necessary, approving the Debtors' payment of such expenses. All Professional Fees that are the subject of pending fee applications before the Bankruptcy Court, or that have already been allowed by the Bankruptcy Court but which remain unpaid as of the Effective Date, unless otherwise agreed by such professionals, shall be paid in full, in cash, (i) on the Effective Date, or (ii) within 10 days after a Final Order of the Bankruptcy Court has been entered authorizing their payment, whichever is later. Payments regarding amounts to be paid to the U.S. Trustee are governed by Article X.

The Michigan Department of Treasury has filed an administrative tax claim in the amount of $11,546.45. To the extent that the Michigan Department of Treasury has an allowed administrative tax claim, it shall be paid, in full, on the Effective Date.

IT IS HEREBY FURTHER ORDERED that Article II; Paragraph 2.1.1 is amended as follows:

The Bar Date for asserting any Administrative Claim is sixty (60) days after the Effective Date. Any Administrative Claim first asserted after the Bar Date shall be deemed Disallowed and shall not be entitled any payment under this Plan. The objection procedures in Article IX of this Plan are applicable to any filed Administrative Claim. This Section does not apply to the U.S. Trustee or the Internal Revenue Service.

IT IS HEREBY FURTHER ORDERED that Article II, Paragraph 2.2.5 is deleted.

IT IS FURTHER ORDERED that Article II; Paragraph 2.6 is amended as follows:

Until such time as the Secured Claim has been fully and indefeasibly paid, the Secured Claimant shall have replacement Liens in any and all Liens that it may have which shall remain in full force and effect, with the same Priority and to the same extent that existed on the Petition Date. Upon payment in full of the Secured

Claim, the Secured Claimant shall release and extinguish all Liens and execute any and all documents reasonably requested by the Debtors to memorialize same.

IT IS FURTHER ORDERED that Article II; Paragraph 2.7 does not apply to the Internal Revue Service. Further, nothing in this Plan limits the Internal Revenue Service's right of setoff and/or recoupment. However, the Debtors retain the right to challenge the validity of the setoff and/or recoupment.

IT IS HEREBY FURTHER ORDERED that Article VIII; Paragraph 8.1 is amended as follows:

Discharge of Claims: Except as otherwise provided in this Plan or Section 1141 of the Bankruptcy Code, the confirmation of this Plan shall discharge the Debtors from any debt that arose before the Confirmation date, and any debt of any kind specified in §§ 502(g), (h), or (i) of the Bankruptcy Code, whether or not: (a) a proof of the Claim based on such debt is filed or deemed filed under § 501 of the Bankruptcy Code; (b) such Claim is allowed under § 502 of the Bankruptcy Code; or (c) the holder of such Claim has accepted the Plan. Pursuant to 11 U.S.C. Sec. 1141(d)(5)(A), Digue will not receive a discharge until completion of all payments under the Plan unless after notice and hearing the court orders otherwise, pursuant to 11 U.S.C. § 1141(d)(5)(B), (C).

IT IS FURTHER ORDERED that Article VIII; Paragraphs 8.2 and 8.6 do not limit the Internal Revenue Service from assessing against or collecting from a non-debtor third party or assessing any tax liability against the Debtors.

IT IS FURTHER ORDERED that Article VIII, Paragraph 8.6 does not apply to the Michigan Department of Treasury.

IT IS HEREBY FURTHER ORDERED that Article X; Paragraph 10.1 is amended as follows:

The Debtors will pay to the Office of the United States Trustee the appropriate sum pursuant to 28 U.S.C. § 1930(a)(6) for all quarters completed for which payment is due. The Debtors will pay all quarterly fees which are due and owed when due and shall continue to remit quarterly fee payments based on all disbursements for quarters which are due until the Case is closed by Order of the Court. The fees due to the United States Trustee are charges assessed against the Bankruptcy Estate under Chapter 123 of Title 28, are entitled to priority under § 507(a)(2) of the Bankruptcy Code, and are payable until such time as the case has been converted, dismissed, or closed by the Bankruptcy Court.

IT IS HEREBY FURTHER ORDERED that Article XII; Paragraph 12.1 is deleted.

IT IS FURTHER ORDERED that notwithstanding section 2.2.1, 3.1.1 and 13.3, the Internal Revenue Service and the Michigan Department of Treasury will designate how payments made during the plan will be applied.

IT IS FURTHER ORDERED that Article XIII; Paragraph 13.5 is amended as follows:

**<u>Undeliverable Distributions and Non-Negotiated Checks</u>**: If any distribution to a Holder of a Claim is returned as undeliverable, no further distributions to such Holder of such Claim shall be made unless and until the Reorganized Debtors are notified of the then-current address of such Holder of the Claim, after which time future distributions shall be made to such Holder of the Claim without interest at such address. If checks issued by the Reorganized Debtors on account of Claims are not negotiated within one hundred and twenty (120) days after the issuance of such check, the check shall be null and void. Amounts in respect to undeliverable distributions and non-negotiated checks shall be held by the Reorganized Debtors until (i) such distributions are claimed or (ii) ninety (90) days after the check is returned or voided due to non-negotiation, after which date all such undistributed and non-negotiated amounts shall revert to the Reorganized Debtors free of any restrictions thereon and the Claim of any Holder or successor to such Holder with respect to such distribution shall be discharged and forever barred, notwithstanding federal or state escheat laws to the contrary. Nothing contained herein shall require the Reorganized Debtors to attempt to

locate any Holder of an Allowed Claim. This provision does not apply to the Office of the United States Trustee or the IRS.

IT IS FURTHER ORDERED that Article XIII; Paragraph 13.7 is amended as follows:

**Interest and Penalties on Claims**. Unless otherwise specifically provide for in the Plan, the Confirmation Order or required by applicable bankruptcy law, post-petition interest and penalties shall not accrue or be paid on any Claims, and no Holder of a Claim shall be entitled to interest and penalties accruing on or after the Petition Date through the date that such Claim is satisfied in accordance with the terms of this Plan. Paragraph 13.7 does not apply to the Internal Revenue Services' Claim to the extent such interest and penalties are allowed pursuant to non-bankruptcy law.

IT IS FURTHER ORDERED that until the Internal Revenue Services' Secured Claim against Richalin Digue has been fully and indefeasibly paid and Richalin Digue has obtained a discharge in this case, the Internal Revenue Service shall retain any and all Liens that it may have which shall remain in full force and effect, with the same priority and to the same extent that existed on the Petition Date. Upon payment in full of the Secured Claim and once Digue has obtained a discharge, the Internal Revenue Service shall release and extinguish all Liens and execute any and all documents reasonably requested by Richalin Digue to memorialize same.

IT IS FURTHER ORDERED that upon the failure of the debtors to make any payment due on any administrative, secured, priority or general unsecured claim of the Internal Revenue Service, or failure to file the necessary tax returns

and make adequate deposits, which is not cured within 30 days of the mailing of a notice of default by the Internal Revenue Service, the Internal Revenue Service may exercise all rights and remedies applicable under non-bankruptcy law for collection of its entire claim and/or seek appropriate relief from this Court. In the event this case is converted to a Chapter 7 proceeding, all property of the debtors; debtors-in-possession; or reorganized debtors, which will revest upon confirmation of the Plan of reorganization and all of debtors' after acquired property shall be property of the Chapter 7 trustee.

IT IS FURTHER ORDERED that upon RND Engineering's failure to make any payment due on the administrative tax claim of the Michigan Department of Treasury that is not cured within thirty (30) days of the mailing of a written notice of default to RND Engineering and its counsel, the Michigan Departmnet of Treasury may exercise all rights and remedies available under non-bankruptcy law for the collection of its administrative tax claim or seek appropriate relief from this Court. Written notice of default must be made by U.S. First Class Mail and sent to RND Engineering and its counsel, Elliot G. Crowder.